| | |
|---|---|
| 1 | PHILLIP A. TALBERT<br>United States Attorney |
| 2 | KAREN A. ESCOBAR<br>KEVIN C. KHASIGIAN |
| 3 | Assistant U.S. Attorneys<br>2500 Tulare Street, Suite 4401 |
| 4 | Fresno, CA 93721<br>Telephone: (559) 497-4000 |
| 5 | Facsimile: (559) 497-4099 |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>ERIK HARALD MOJE,<br><br>              Defendant, | CASE NO. 1:15-CR-00287-DAD-BAM<br><br>STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and petitioner PennyMac Loan Services, LLC, as duly-authorized agent for Federal National Mortgage Association (hereafter "PennyMac" or "Petitioner"), to compromise and settle their interest in the real property located at 2423 Roberts Road, Turlock, California, Stanislaus County, APN: 087-010-071 and more fully described below (hereafter the "Property"), and to consent to the entry of a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a):

> Lot 65, as shown on that certain Map entitled, "Autumn Brook Phase 2," which Map was filed for record in Office of the Recorder of the County of Stanislaus, State of California, on April 11, 2002, in Book 40, of Maps, at Page 11.

1. On or about April 6, 2017, this court entered a Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. § 853(a) based upon the plea agreement entered into between plaintiff and defendant Erik Harald Moje forfeiting to the United States the above-referenced real property.

STIPULATION AND APPLICATION FOR FINAL ORDER OF FORFEITURE

1

///

2. Beginning on April 8, 2017, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declaration of Publication was filed on September 12, 2017.

3. The United States completed direct written notice by certified mail to Joanne P. Miravete, attorney Kevin G. Little, and PennyMac Loan Services, LLC.

4. On October 13, 2017, PennyMac filed a timely petition alleging a lien holder interest in the Property, alleging as follows:

    a. On or about January 28, 2010, Joanne P. Miravete ("Miravete") obtained a $236,000 mortgage loan (the "Loan") from lender PMC Bancorp to purchase the Property. In exchange for the Loan, Miravete executed a Promissory Note ("the Note") in the original principal amount of $236,000. The Note was and is secured by a Deed of Trust dated January 28, 2010, recorded on February 5, 2010, as instrument number DOC-2010-0012615-00, in the official records of Stanislaus County, California. The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. as both the beneficiary under the security interest, and as nominee for the lender and the lender's successors and assigns. Thereafter, PMC Bancorp indorsed the Note in blank and transferred the Note to PennyMac. PennyMac then executed an open indorsement to the Note. PennyMac is the loan servicer and the entity entitled to enforce the Note. PennyMac, as the holder of the Note, is therefore entitled to enforce the Note and the Deed of Trust.

    b. As of October 1, 2017, the principal due and owing under the Note was $76,619.65. Interest will continue to accrue under the Note at a yearly rate of 5.750% or $12.07 per day.

    c. Pursuant to the terms of the mortgage, casualty insurance must be maintained on the real property. Fannie Mae has paid casualty insurance premiums each year since January 2011, but there was no balance currently owed by Miravete for casualty insurance as of the filing of PennyMac's petition.

///

5. No other parties have filed petitions in this matter regarding the Property, and the time in which any person or entity may file a petition has expired.

6. The parties hereby stipulate that PennyMac is a lien holder on the Property. PennyMac has a legal right, title, or interest in the Property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for PennyMac's interest, because such interest was vested in PennyMac rather than defendant Erik Harald Moje at the time of the commission of the acts which give rise to the forfeiture of the Property. *See* 21 U.S.C. § 853(n).

7. A Final Order of Forfeiture shall be entered forfeiting to the United States of America all right, title, and interest in the above-listed Property pursuant to 21 U.S.C. § 853(a), to be disposed of according to law, including all right, title, and interest of Erik Harald Moje and Joanne P. Miravete, subject to the lienholder interest of PennyMac, as provided below.

8. The parties agree that the sale of the Property shall be handled by the U.S. Marshals Service ("USMS") in a commercially reasonable manner. The USMS shall have sole authority to select the means of the sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Property. Upon entry of this Final Order of Forfeiture, the USMS or its agents shall have access to the Property to facilitate its appraisal, marketing, and sale.

9. Erik Harald Moje and Joanne P. Miravete, or their designee shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash. Any and all of Erik Harald Moje, Joanne P. Miravete, or any other occupant's personal possessions not removed upon 72 hours' notice by the USMS or an agent acting on behalf of the USMS will be disposed of by the United States without further notice.

10. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the Property pursuant to this Final Order of Forfeiture, the United States will not contest payment to PennyMac from the proceeds of the sale, after payment of outstanding real property taxes assessed against the Property and expenses reasonably incurred by the USMS in connection with its custody and sale of the Property, the following:

///
      a. All unpaid principal due to Petitioner PennyMac under the Deed of Trust recorded in Stanislaus County, California, as instrument number DOC-2010-0012615-00, and recorded on February 5, 2010. Said Deed of Trust secured a Promissory Note ("Note") dated January 28, 2010, in the original amount of $236,000.00. As of October 1, 2017, the principal balance due and owing on the Note was $76,619.65.

      b. All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment.

      c. Reasonable attorney's fees not to exceed $5,000.00.

      d. The exact amount to be paid to PennyMac shall be determined at the time of payment, but shall not be less than the amounts set forth above.

      e. To the United States, all of the net proceeds from the sale of the Property after the above disbursements, which shall be forfeited to the United States and disposed of as provided for by law.

11. The payment to PennyMac shall be in full settlement and satisfaction of all claims and petitions by PennyMac to the Property, and of all claims arising from and relating to the detention and forfeiture of the Property. The payment to PennyMac shall not include any penalty payments, including any prepayment penalties.

12. Upon payment, PennyMac agrees to assign and convey its security or other interest to the United States via recordable documents. All parties to this stipulation hereby release plaintiff United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property located at 2423 Roberts Road, Turlock, CA. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the

debtor."

13. Petitioner agrees not to pursue against the United States any other rights that it may have under the Note and/or Deed of Trust, including, but not limited to, the right to foreclose upon and sell the Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Property, and any right to assess additional interest or penalties except as specifically allowed herein.

14. Petitioner understands and agrees that by entering into this stipulation of their interest in the Property, they waive any right to litigate further their ownership interest in the Property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

15. Petitioner understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Note or lien, the U.S. Attorney obtains new information indicating that Petitioner is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property. In either event, the United States shall promptly notify the Petitioner of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees.

16. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the Property to the United States and to implement further the terms of this Stipulation.

17. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

18. Payment to Petitioner pursuant to this Stipulation is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.

19. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

///

20. The court shall maintain jurisdiction over this matter to enforce the terms of this Stipulation.

Dated: December 13, 2017
PHILLIP A. TALBERT
United States Attorney

/s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: December 11, 2017
/s/ Karen A. Braje
LORENZO E. GASPARETTI
KAREN A. BRAJE
BRITT M. ROBERTS
REED SMITH LLP
Attorneys for Petitioner PennyMac Loan Services, LLC (as duly authorized agent for Federal National Mortgage Association)
(Original signature retained by attorney)

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement. All right, title, and interest of Erik Harald Moje and Joanne P. Miravete to the property located at 2423 Roberts Road, Turlock, California, Stanislaus County, APN: 087-010-071, is hereby extinguished.

IT IS SO ORDERED.

Dated: **December 13, 2017**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE