| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | KAREN A. ESCOBAR |
| 3 | KEVIN C. KHASIGIAN<br>Assistant U.S. Attorneys |
| 4 | 2500 Tulare Street, Suite 4401<br>Fresno, CA 93721 |
| 5 | Telephone: (559) 497-4000<br>Facsimile: (559) 497-4099 |
| 6 | Attorneys for Plaintiff<br>United States of America |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ERIK HARALD MOJE,<br><br>　　　　　Defendant. | No. 1:15-CR-00287-DAD-BAM<br><br>STIPULATION FOR AN AMENDED FINAL ORDER OF FORFEITURE AND ORDER THEREON |

IT IS HEREBY STIPULATED by and between plaintiff United States of America, Joanne P. Miravete, and petitioner PennyMac Loan Services, LLC, as duly-authorized agent for Federal National Mortgage Association (hereafter "PennyMac" or "Petitioner"), to compromise and settle their interest in the real property located at 2423 Roberts Road, Turlock, California, Stanislaus County, APN: 087-010-071 and more fully described below (hereafter the "Property"), and to consent to the entry of an Amended Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a):

> Lot 65, as shown on that certain Map entitled, "Autumn Brook Phase 2," which Map was filed for record in Office of the Recorder of the County of Stanislaus, State of California, on April 11, 2002, in Book 40, of Maps, at Page 11.

1. On or about April 6, 2017, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. § 853(a) based upon the plea agreement entered into between the United States and defendant Erik Harald Moje forfeiting to the United States the

STIPULATION FOR AN AMENDED FINAL ORDER
OF FORFEITURE AND ORDER THEREON                                    1

above-referenced real property.

2. Beginning on April 8, 2017, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declaration of Publication was filed on September 12, 2017.

3. The United States completed direct written notice by certified mail to:
   a. Joanne P. Miravete
   b. Kevin G. Little
   c. PennyMac Loan Services, LLC

4. On October 13, 2017, PennyMac filed a timely petition alleging a lien holder interest in the Property, alleging as follows:

   a. On or about January 28, 2010, Joanne P. Miravete ("Miravete") obtained a $236,000 mortgage loan (the "Loan") from lender PMC Bancorp to purchase the Property. In exchange for the Loan, Miravete executed a Promissory Note ("the Note") in the original principal amount of $236,000. The Note was and is secured by a Deed of Trust dated January 28, 2010, recorded on February 5, 2010, as instrument number DOC-2010-0012615-00, in the official records of Stanislaus County, California. The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. as both the beneficiary under the security interest, and as nominee for the lender and the lender's successors and assigns. Thereafter, PMC Bancorp indorsed the Note in blank and transferred the Note to PennyMac. PennyMac then executed an open indorsement to the Note. PennyMac is the loan servicer and the entity entitled to enforce the Note. PennyMac, as the holder of the Note, is therefore entitled to enforce the Note and the Deed of Trust.

   b. As of October 1, 2017, the principal due and owing under the Note was $76,619.65. Interest will continue to accrue under the Note at a yearly rate of 5.750% or $12.07 per day.

   c. Pursuant to the terms of the mortgage, casualty insurance must be maintained on the real property. Fannie Mae has paid casualty insurance premiums each year

since January 2011, but there was no balance currently owed by Miravete for casualty insurance as of the filing of PennyMac's petition.

5. Other than Petitioner, PennyMac, no other parties have filed petitions in this matter regarding the Property, and the time in which any person or entity may file a petition has expired.

6. The parties hereby stipulate that PennyMac is a lien holder on the Property. Joanne P. Miravete and PennyMac each has a legal right, title, or interest in the Property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for the petitioners' respective interests because such interests were vested in them rather than the defendant at the time of the commission of the acts which give rise to the forfeiture of the Property. *See* 21 U.S.C. § 853(n).

7. Joanne P. Miravete shall pay to the United States the sum of $175,000.00 in lieu of the Property within 45 days from the date of signing this Stipulation for Amended Final Order of Forfeiture filed herein. Joanne P. Miravete shall send a cashier's check in the amount of $175,000.00 made payable to the U.S. Marshals Service. The check shall be sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721. All right, title, and interest in said funds shall be substituted for the Property and shall be forfeited to the United States pursuant to 21 U.S.C. § 853(a), to be disposed of according to law, including all right, title, and interest of Erik Harald Moje and Joanne P. Miravete. Upon payment of the $175,000.00, the United States shall forgo any further action against the Property based on the offenses alleged this criminal case. Upon payment of the $175,000.00, the United States will send a Withdrawal of Lis Pendens to the Stanislaus County Recorder.

8. Until Joanne P. Miravete has paid the $175,000.00 in lieu of the Property, she shall maintain the Property in the same condition and repair as existed as of the date of the recording of the lis pendens.

9. Until Joanne P. Miravete has paid the $175,000.00 in lieu of the Property, she shall maintain any and all loan payments and insurance policies currently in effect with respect to the defendant real property, including policies covering liability to persons injured on said property

and for property damage to the defendant real property. Joanne P. Miravete shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the secondary beneficiary of the insurance policy.

10. Until Joanne P. Miravete has paid the $175,000.00 in lieu of the Property, she shall not convey, transfer, encumber, lien, or otherwise pledge the Property without the prior, written approval of the United States.

11. If payment of the $175,000.00 is not made within the time stipulated above, Joanne P. Miravete will be deemed to be in default of this Stipulation and all right, title, and interest in the Property shall be forfeited to the United States, pursuant to 21 U.S.C. § 853(a) to be disposed of according to the following:

    a. The U.S. Marshals Service ("USMS") shall list the defendant real property in a commercially reasonable manner. The USMS shall have sole authority to select the means of the sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Property. Upon entry of this Amended Final Order of Forfeiture, the USMS or its agents shall have access to the Property to facilitate its appraisal, marketing, and sale.

    b. Joanne P. Miravete and/or all others occupying the Property with her consent shall vacate the Property within thirty (30) days after receiving notice that the Property has been placed for sale.

    c. Erik Harald Moje and Joanne P. Miravete, or their designee shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash. Any and all of Erik Harald Moje, Joanne P. Miravete, or any other occupant's personal possessions not removed upon 72 hours' notice by the USMS or an agent acting on behalf of the USMS will be disposed of by the United States without further notice.

    d. The United States agrees that upon entry of this Amended Final Order of Forfeiture and sale of the Property pursuant to this Amended Final Order of Forfeiture, the United States will not contest payment to Joanne P. Miravete and PennyMac from the proceeds of the sale, after payment of outstanding real property taxes assessed against the Property and expenses

reasonably incurred by the USMS in connection with its custody and sale of the Property, the following:

    i. All unpaid principal due to Petitioner PennyMac under the Deed of Trust recorded in Stanislaus County, California, as instrument number DOC-2010-0012615-00, and recorded on February 5, 2010. Said Deed of Trust secured a Promissory Note ("Note") dated January 28, 2010, in the original amount of $236,000.00. As of October 1, 2017, the principal balance due and owing on the Note was $76,619.65, but may be subject to change based on amounts due and owing since October 2017.

    ii. All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment.

    iii. Reasonable attorney's fees not to exceed $5,000.00.

    iv. The exact amount to be paid to PennyMac shall be determined at the time of payment, but shall not be less than the amounts set forth above.

    v. To the United States, the amount of $175,000.00 from the net proceeds of the sale of the Property after the above disbursements, which shall be forfeited to the United States and disposed of as provided for by law.

    vi. To Joanne P. Miravete, any remaining net proceeds from the sale of the Property after the above disbursements have been made.

    e. The payment to Joanne P. Miravete and PennyMac shall be in full settlement and satisfaction of all claims and petitions by Joanne P. Miravete and PennyMac to the Property, and of all claims arising from and relating to the detention and forfeiture of the Property. The payment to PennyMac shall not include any penalty payments, including any prepayment penalties.

    f. Joanne P. Miravete and PennyMac agree not to pursue against the United States any other rights that they may have under the Note and/or Deed of Trust, including, but not

limited to, the right to foreclose upon and sell the Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Property, and any right to assess additional interest or penalties except as specifically allowed herein.

      g.     Upon payment, Joanne P. Miravete and PennyMac agree to assign and convey their respective security or other interest to the United States via recordable documents.

12. All parties to this stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture of the Property and/or of the $175,000.00 payment. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

13. Joanne P. Miravete and PennyMac each understands and agrees that by entering into this stipulation of their interest in the Property, they waive any right to litigate further their ownership interest in the Property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Amended Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Joanne P. Miravete and PennyMac shall be excused and relieved from further participation in this action.

14. Joanne P. Miravete and PennyMac understands and agrees that the United States reserves the right to void the stipulation if, before payment of the substitute res, or the Note or lien, the U.S. Attorney obtains new information indicating that Joanne P. Miravete and PennyMac are not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property. In either event, the United States shall promptly notify the Joanne P. Miravete and PennyMac of such action. A discretionary termination of

forfeiture shall not be a basis for any award of fees.

15. In the event payment is not made by Joanne P. Miravete to the United States pursuant to this Stipulation and paragraph 11 becomes effective, the parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the Property to the United States and to implement further the terms of this Stipulation.

16. In the event payment is not made by Joanne P. Miravete to the United States pursuant to this Stipulation and paragraph 11 becomes effective, payment to Joanne P. Miravete and PennyMac pursuant to this Stipulation is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Amended Final Order of Forfeiture.

17. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

18. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

19. Pending payment of the $175,000.00 or sale of the Property, and disposition of the proceeds, the Court shall maintain jurisdiction over this matter to enforce the terms of this Stipulation.

Dated: June 7, 2018        McGREGOR W. SCOTT
                           United States Attorney

                            /s/ Kevin C. Khasigian
                           KEVIN C. KHASIGIAN
                           Assistant U.S. Attorney


Dated: June 5, 2018         /s/ Joanne P. Miravete
                           JOANNE P. MIRAVETE
                           Potential Clamant
                           (Original signature retained by attorney)

///

///

///

STIPULATION FOR AN AMENDED FINAL ORDER
OF FORFEITURE AND ORDER THEREON                7

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
)
County of _____ )

On _____, before me, _____, Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Dated: June 6, 2018           /s/ Kevin G. Little
                              KEVIN G. LITTLE
                              Attorney for Joanne P. Miravete
                              (Original signature retained by attorney)


Dated: June 7, 2018           /s/ Britt M. Roberts
                              LORENZO E. GASPARETTI
                              KAREN A. BRAJE
                              BRITT M. ROBERTS
                              REED SMITH LLP
                              Attorneys for Petitioner PennyMac Loan Services,
                              LLC (as duly authorized agent for Federal
                              National Mortgage Association)
                              (Original signature retained by attorney)

(The remainder of this page intentionally left blank)

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters an Amended Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement including the terms as set forth below:

1. A Final Order of Forfeiture shall be entered forfeiting to the United States all right, title, and interest to the $175,000.00 payment in lieu of the real property located at 2423 Roberts Road, Turlock, California, Stanislaus County, APN: 087-010-071, pursuant to 21 U.S.C. § 853(a), to be disposed of according to law, including all right, title, and interest of Erik Harald Moje and Joanne P. Miravete.

2. All right, title, and interest in the $175,000.00 payment lieu of the Property shall vest solely in the name of the United States of America.

3. If payment of the $175,000.00 is not made within the time stipulated above, Joanne P. Miravete will be deemed to be in default of this Stipulation and all right, title, and interest in the Property shall be forfeited to the United States, pursuant to 21 U.S.C. § 853(a) to be disposed of according to the terms of paragraph 11, above.

4. The U.S. Marshals Service shall maintain custody of and control over the $175,000.00 payment in lieu of the Property, or the Property should paragraph 11 become effective, until it is disposed of according to law.

IT IS SO ORDERED.

Dated: **June 11, 2018**   _____
UNITED STATES DISTRICT JUDGE